# Exhibit A

Case 1:18-cv-00100-AJN    Document 2-1    Filed 01/08/18    Page 2 of 36

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

Index No.
Date Filed:

------------------------------------------------------x

TOSH HENDERSON,

Plaintiff designates New York
County as the place of trial

Plaintiff,

The basis of the venue is
Defendant's place of business

-against-

ORDA MANAGEMENT CORPORATION,
225 FOURTH LLC, FACEBOOK, INC., and
JRM CONSTRUCTION MANAGEMENT, LLC,

*SUMMONS*

Plaintiff resides at
340 Forrest St.
Jersey City, NJ 07304

Defendants.

------------------------------------------------------x

TO THE ABOVE NAMED DEFENDANT(S):

**YOU ARE HEREBY SUMMONED** to answer the Complaint in this action and to serve
a copy of your Answer, or, if the Complaint is not served with this summons, to serve a notice of
appearance, on the plaintiff's attorneys within 20 days after the service of this summons,
exclusive of the day of service (or within 30 days after the service is complete if this summons is
not personally delivered to you within the State of New York); and in case of your failure to
appear or answer, judgment will be taken against you by default for the relief demanded in the
Complaint.

DATED: New York, New York
         August 11, 2017

**Defendant's Address:**

ORDA MANAGEMENT
CORPORATION
c/o Secretary of State

225 FOURTH LLC
c/o Secretary of State

FACEBOOK, INC.
c/o Secretary of State

JRM CONSTRUCTION
MANAGEMENT, LLC
c/o Secretary of State

LIPSIG, SHAPEY, MANUS & MOVERMAN, P.C.

By _____

THOMAS J. MOVERMAN
Attorneys for Plaintiff
Office and P.O. Address
40 Fulton Street
New York, NY 10038
(212) 285-3300

Case 1:18-cv-00100-AJN   Document 2-1   Filed 01/08/18   Page 3 of 36

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

------------------------------------------------------------x

TOSH HENDERSON,

                         Plaintiff,

            -against-

ORDA MANAGEMENT CORPORATION, 225
FOURTH LLC, FACEBOOK, INC., and JRM
CONSTRUCTION MANAGEMENT, LLC,

                         Defendants.

------------------------------------------------------------x

**VERIFIED
COMPLAINT**

Plaintiff, by his attorneys, LIPSIG, SHAPEY, MANUS & MOVERMAN, P.C., complaining of the defendants, states the following upon information and belief, as to all times relevant hereto:

### FIRST CAUSE OF ACTION

1.      Defendant ORDA MANAGEMENT CORPORATION (hereinafter "ORDA") was and is a domestic business corporation duly organized and existing by virtue of the laws of the State of New York.

2.      Defendant ORDA was and is a domestic business corporation that conducts business in the State of New York.

3.      Defendant 225 FOURTH LLC was and is a foreign limited liability company duly organized and existing by virtue of the laws of the State of Delaware.

4.      Defendant 225 FOURTH LLC was and is a foreign limited liability company that conducts business in the State of New York.

5.      Defendant 225 FOURTH LLC was and is a foreign limited liability company that designated New York County as its place of business in New York State.

Case 1:18-cv-00100-AJN    Document 2-1    Filed 01/08/18    Page 4 of 36

6.      Defendant FACEBOOK, INC.(hereinafter "FACEBOOK") was and is a domestic business corporation duly organized and existing by virtue of the laws of the State of New York.

7.      Defendant FACEBOOK was and is a foreign business corporation that conducts business in the State of New York.

8.      Defendant JRM CONSTRUCTION MANAGEMENT, LLC (hereinafter "JRM CONSTRUCTION") was and is a domestic limited liability company duly organized and existing by virtue of the laws of the State of New York.

9.      Defendant JRM CONSTRUCTION was and is a domestic limited liability company that conducts business in the State of New York.

10.      The building located at 233 Park Avenue South, New York, New York, is a commercial building (hereinafter referred to as "the premises").

11.      On and before January 3, 2017, ORDA owned the premises.

12.      On and before January 3, 2017, ORDA operated the premises.

13.      On and before January 3, 2017, ORDA maintained the premises.

14.      On and before January 3, 2017, ORDA managed the premises.

15.      On and before January 3, 2017, ORDA supervised the premises.

16.      On and before January 3, 2017, ORDA controlled the premises.

17.      On and before January 3, 2017, ORDA was the general contractor for renovation work on the premises.

18.      On and before January 3, 2017, 225 FOURTH LLC owned the premises.

19.      On and before January 3, 2017, 225 FOURTH LLC operated the premises.

Case 1:18-cv-00100-AJN    Document 2-1    Filed 01/08/18    Page 5 of 36

20.    On and before January 3, 2017, 225 FOURTH LLC maintained the premises.

21.    On and before January 3, 2017, 225 FOURTH LLC managed the premises.

22.    On and before January 3, 2017, 225 FOURTH LLC supervised the premises.

23.    On and before January 3, 2017, 225 FOURTH LLC controlled the premises.

24.    On and before January 3, 2017, 225 FOURTH LLC was the general contractor for renovation work on the premises.

25.    On and before January 3, 2017, FACEBOOK owned the premises.

26.    On and before January 3, 2017, FACEBOOK was a tenant in the premises.

27.    On and before January 3, 2017, FACEBOOK was a tenant in the premises that was renovating the 17th, 18th and 19th floors.

28.    On and before January 3, 2017, FACEBOOK operated the premises and its floors that were under renovation.

29.    On and before January 3, 2017, FACEBOOK maintained the premises and its floors that were under renovation.

30.    On and before January 3, 2017, FACEBOOK managed the premises and its floors that were under renovation.

31.    On and before January 3, 2017, FACEBOOK supervised the premises and its floors that were under renovation.

32.    On and before January 3, 2017, FACEBOOK controlled the premises and its floors that were under renovation.

Case 1:18-cv-00100-AJN   Document 3-1   Filed 01/08/18   Page 6 of 36

33. On and before January 3, 2017, FACEBOOK was the general contractor on the premises and its floors that were under renovation.

34. On and before January 3, 2017, JRM CONSTRUCTION owned the premises.

35. On and before January 3, 2017, JRM CONSTRUCTION was a tenant in the premises.

36. On and before January 3, 2017, JRM CONSTRUCTION was a tenant in the premises that was renovating the 17th, 18th and 19th floors.

37. On and before January 3, 2017, JRM CONSTRUCTION operated the premises and its floors that were under renovation.

38. On and before January 3, 2017, JRM CONSTRUCTION maintained the premises and its floors that were under renovation.

39. On and before January 3, 2017, JRM CONSTRUCTION managed the premises and its floors that were under renovation.

40. On and before January 3, 2017, JRM CONSTRUCTION supervised the premises and its floors that were under renovation.

41. On and before January 3, 2017, JRM CONSTRUCTION controlled the premises and its floors that were under renovation.

42. On and before January 3, 2017, JRM CONSTRUCTION was the general contractor on the premises and its floors that were under renovation.

43. On and before January 3, 2017, ORDA retained USIS (hereinafter USIS) to perform construction, renovation, electrical data wiring, demolition, repair and/or alteration work on the premises.

44. On and before January 3, 2017, 225 FOURTH LLC retained USIS to perform construction, renovation, electrical data wiring, demolition, repair and/or alteration work on the premises.

45. On and before January 3, 2017, FACEBOOK retained USIS to perform construction, renovation, electrical data wiring, demolition, repair and/or alteration work on the premises.

46. On and before January 3, 2017, JRM CONSTRUCTION retained USIS to perform construction, renovation, electrical data wiring, demolition, repair and/or alteration work on the premises.

47. On and before January 3, 2017, USIS was hired to perform construction, renovation, electrical data wiring, demolition, repair and/or alteration work on the premises.

48. On and before January 3, 2017, USIS performed construction, renovation, electrical data wiring, demolition, repair and/or alteration work on the premises.

49. On January 3, 2017, TOSH HENDERSON was performing construction, renovation, electrical data wiring, demolition, repair, and/or alteration work on the premises, as an employee of USIS.

50. On January 3, 2017, defendants controlled, supervised and directed the ongoing construction, renovation, electrical data wiring, demolition, repair, and/or alteration work on the premises including the work preformed by plaintiff TOSH HENDERSON.

51. On January 3, 2017, while plaintiff TOSH HENDERSON was performing construction, renovation, electrical data wiring, demolition, repair, cleaning and/or alteration work at the defendants' premises, he was working at an elevated work location.

Case 1:18-cv-00100-AJN   Document 3-1   Filed 01/08/18   Page 8 of 36

52.     On January 3, 2017, while plaintiff TOSH HENDERSON was performing construction, renovation, electrical data wiring, demolition, repair, cleaning and/ or alteration work at the premises, he was working at an elevated work location while working upon a ladder.

53.     On January 3, 2017, while plaintiff TOSH HENDERSON was performing construction, renovation, electrical data wiring, demolition, repair, cleaning and/ or alteration work at the premises,  he was working at an elevated work location upon a ladder that was unsecured, dangerous and defective.

54.     On January 3, 2017, while plaintiff TOSH HENDERSON was performing construction, renovation, electrical data wiring, demolition, repair, cleaning and/ or alteration work at the premises, he was working at an elevated work location upon a ladder that was not braced, secured, or tied off.

55.     On January 3, 2017, while plaintiff TOSH HENDERSON was performing construction, renovation, electrical data wiring, demolition, repair, cleaning and/ or alteration work at the premises, he was working at an elevated work location upon a ladder that was not constructed, placed and operated as to give proper protection to a person so employed.

56.     On January 3, 2017, while plaintiff TOSH HENDERSON was performing construction, renovation, electrical data wiring, demolition, repair, cleaning and/ or alteration work at the premises, defendants failed to furnish or erect, or cause to be furnished or erected for the performance of such labor, such scaffolds, ladders or other devices which shall be so constructed, placed and operated as to give proper protection to a person so employed, including plaintiff.

57.     On January 3, 2017, while plaintiff TOSH HENDERSON was performing construction, renovation, electrical data wiring, demolition, repair,

cleaning and/or alteration work at the premises, he was caused to fall from the elevated work location.

58.     On January 3, 2017, while plaintiff TOSH HENDERSON was performing construction, renovation, electrical data wiring, demolition, repair, cleaning and/or alteration work at the premises, he was caused to fall and become injured when the defective and unsecured ladder fell.

59.     Plaintiff TOSH HENDERSON was injured.

60.     Plaintiff TOSH HENDERSON was seriously injured.

61.     The injuries and/or serious injuries sustained by plaintiff were due to the negligence of the defendants, their violation of §200, 240 and 241(6) of the Labor Law of the State of New York, and/or their failure to provide, erect and furnish plaintiff with appropriate safety devices for his work at an elevated work location.

62.     On January 3, 2017, while plaintiff TOSH HENDERSON was performing construction, renovation, electrical data wiring, demolition, repair, cleaning and/or alteration work at the premises, he was caused to fall from the elevated work location due to the defendants' failure to provide a safe and secure ladder for his work at an elevated work location.

63.     The limitations on liability set forth in CPLR Section 1601 do not apply to this action.

64.     The limitations on liability set forth in CPLR Section 1601 do not apply to this action by reason of one or more of the exemptions set forth in CPLR Section 1602, specifically including but not limited to Section 1602 (8), 1602 (4), 1602 (7) and 1602 (2).

65.     As a result of the foregoing, plaintiff has been damaged in an amount in excess of the jurisdictional limits of all lower courts in which this matter might otherwise have been brought.

## SECOND CAUSE OF ACTION

66.     Plaintiff repeats and realleges all the preceding allegations contained in this Complaint, as though fully set forth at length herein.

67.     On January 3, 2017, defendants failed furnish or erect or cause to be furnished or erected, for the performance of plaintiff's labor, scaffolding, ramps, hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes and other devices, which were so constructed, placed and operated as to give proper protection to TOSH HENDERSON.

68.     Defendants violated of §§ 200, 240(1) and 241(6) the Labor Law of the State of New York and Rule 23 of the Industrial Code of the State of New York, including but not limited to 12 NYCRR §§23-1.2(a);;23-1.7(b); 23-1.15); 23-1.16; 23-1.17; 23-1.21(a-f); 23-1.22; 23-2.1(a); 23-5.1; 23-5.1(b); 23-5.1(c); 23-5.1(f); 23-5.1(j)(1); 23-5.3; 23-5.4 and 23-5.5and OSHA regulations.

69.     The defendants' violation of the above sections of the Labor Law and the Industrial Code and OSHA regulations were substantial factors in causing this occurrence.

70.     The defendants' violation of the above sections of the Labor Law and the Industrial Code and OSHA regulations were substantial factors in causing plaintiff to fall from an elevated work location and become injured.

71.     Plaintiff TOSH HENDERSON was injured.

72.     Plaintiff TOSH HENDERSON was seriously injured.

73. The injuries and/or serious injuries sustained by plaintiff were due to the negligence, carelessness, recklessness and violations of §§ 200, 240 and 241(6) of the Labor Law, by the defendants, their agents, servants and/or employees.

74. As a result of the foregoing, defendants are liable or strictly liable to plaintiff TOSH HENDERSON for his injuries.

75. The limitations on liability set forth in CPLR Section 1601 do not apply to this action.

76. The limitations on liability set forth in CPLR Section 1601 do not apply to this action by reason of one or more of the exemptions set forth in CPLR Section 1602, specifically including but not limited to Section 1602 (8), 1602 (4), 1602 (7) and 1602 (2).

77. As a result of the foregoing, plaintiff TOSH HENDERSON has been damaged in an amount in excess of the jurisdictional limits of all lower courts in which this matter might otherwise have been brought.

## THIRD CAUSE OF ACTION

78. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as set forth at length herein.

79. Defendants controlled supervised the ongoing construction, renovation, alteration and repair which was being performed at the premises.

80. Defendants were negligent in failing to exercise proper supervisory control of the construction, electrical data wiring, and the work site and in causing, permitting and allowing dangerous and defective conditions to exist which were substantial factors in causing plaintiff TOSH HENDERSON to fall while working upon a ladder at the construction site.

Case 1:18-cv-00100-AJN   Document 2-1   Filed 01/08/18   Page 12 of 36

81.　　Plaintiff TOSH HENDERSON was injured.

82.　　Plaintiff TOSH HENDERSON was seriously injured.

83.　　The injuries and/or serious injuries sustained by plaintiff were due to the negligence, carelessness and recklessness of the defendants, their agents, servants and/or employees.

84.　　The limitations on liability set forth in CPLR Section 1601 do not apply to this action.

85.　　The limitations on liability set forth in CPLR Section 1601 do not apply to this action by reason of one or more of the exemptions set forth in CPLR Section 1602, specifically including but not limited to Section 1602 (8), 1602 (4), 1602 (7) and 1602 (2).

86.　　As a result of the foregoing, plaintiff TOSH HENDERSON has been damaged in an amount in excess of the jurisdictional limits of all lower courts in which this matter might otherwise have been brought.

## FOURTH CAUSE OF ACTION

87.　　Plaintiff repeats and realleges each of the preceding allegations of this Complaint as set forth at length herein.

88.　　Defendants and their agents failed to furnish or erect, or cause to be furnished or erected for the performance of plaintiff's labor, scaffolding, hoist, stays, ladders, slings, hangers, blocks, pullies, braces, irons, ropes or other devices and failed to see to it that such equipment and/or devices were so constructed, placed, operated and maintained as to give proper protection to plaintiff.

Case 1:18-cv-00100-AJN Document 2-1 Filed 01/08/18 Page 13 of 36

89. Defendants' failure to see to it that such equipment and devices were so constructed, placed, operated and maintained as to give proper to plaintiff TOSH HENDERSON was a substantial factor in causing this occurrence.

90. Plaintiff TOSH HENDERSON was injured.

91. Plaintiff TOSH HENDERSON was seriously injured.

92. The injuries and/or serious injuries sustained by plaintiff were due to the negligence, carelessness and recklessness of the defendants, their agents, servants and/or employees.

93. As a result of the foregoing, defendants are liable or strictly liable to plaintiff TOSH HENDERSON for his injuries.

94. The limitations on liability set forth in CPLR Section 1601 do not apply to this action.

95. The limitations on liability set forth in CPLR Section 1601 do not apply to this action by reason of one or more of the exemptions set forth in CPLR Section 1602, specifically including but not limited to Section 1602 (8), 1602 (4), 1602 (7) and 1602 (2).

96. As a result of the foregoing, plaintiff TOSH HENDERSON has been damaged in an amount in excess of the jurisdictional limits of all lower courts in which this matter might otherwise have been brought.

WHEREFORE, plaintiff TOSH HENDERSON demands judgment against the defendants on the First, Second, Third and Fourth Causes of Action in an amount in excess of the jurisdictional limits of all lower courts in which this matter might otherwise have been brought, with interest from the date of the occurrence, together with the costs and disbursements of this action.

Case 1:18-cv-00100-AJN    Document 2-1    Filed 01/08/18    Page 14 of 36

WHEREFORE, plaintiff demands judgment against the defendants in an amount in excess of the jurisdictional limits of all lower courts in which this matter might otherwise have been brought.

DATED:    New York, New York
          August 11, 2017

                    Yours, etc.,

                    LIPSIG, SHAPEY, MANUS & MOVERMAN, P.C.

                    By: _____
                        THOMAS J. MOVERMAN
                        Attorneys for Plaintiff
                        40 Fulton Street - 25th Floor
                        New York, NY 10038
                        (212) 285-3300

## VERIFICATION

THOMAS J. MOVERMAN, an attorney duly admitted to practice law in the State of New York, affirms the following under the penalties of perjury:

I am a member of the firm of LIPSIG, SHAPEY, MANUS & MOVERMAN, P.C., attorneys for the plaintiff.

I have read the foregoing Complaint and know the contents thereof. I believe the matters therein alleged to be true.

The reason this Verification is being made by me, and not by plaintiff, is that the plaintiff resides in a county other than the one in which this firm maintains its offices.

The source of my information and the grounds of my belief are the communications, papers, reports and investigations contained in the firm's file.

DATED:  New York, New York
        August 11, 2017

THOMAS J. MOVERMAN

Case 1:18-cv-00100-AJN    Document 2-1    Filed 01/08/18    Page 16 of 36

x:SP 63674\PRM\cw\Ans01

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------x
TOSH HENDERSON,

                            Plaintiff(s),                  Index No.: 157305/2017

                                         **VERIFIED ANSWER TO**
           - against -                      **VERIFIED COMPLAINT**


ORDA MANAGEMENT CORPORATION,
225 FOURTH LLC, FACEBOOK, INC., and
JRM CONSTRUCTION MANAGEMENT, LLC,

                              Defendant(s).
-------------------------------------------------------------------x

       Defendant, JRM CONSTRUCTION MANAGERS LLC s/h/a JRM CONSTRUCTION

MANAGEMENT, LLC, through its attorneys, BARRY McTIERNAN & MOORE LLC,

answering plaintiff's Verified Complaint, states as follows:


<u>ANSWERING THE FIRST CAUSE OF ACTION</u>

       FIRST:        Denies any knowledge or information sufficient to form a belief as to the

allegations contained in paragraphs numbered "1", "2", "3", "4", "5", "6", "7", "10", "11", "12",

"13", "14", "15", "16", "17", "18", "19", "20", "21", "22", "23", "24", "25", "26", "27", "28", "29",

"30", "31", "32", "33", "43", "44", "45", "48", "49", "51", "52", "57", "59" and "60" of the

Verified Complaint.

SECOND:    Admits each and every allegation contained in paragraphs numbered "8" and "9" of the Verified Complaint.

THIRD:    Denies each and every allegation contained in paragraphs numbered "34", "35", "36", "37", "38", "39", "40", "41", "42", "50", "53", "54", "55", "56", "58", "61", "62", "63", "64" and "65" of the Verified Complaint.

FOURTH:    Denies each and every allegation contained in paragraphs numbered "46" and "47" of the Verified Complaint except to admit that JRM CONSTRUCTION MANAGERS LLC s/h/a JRM CONSTRUCTION MANAGEMENT, LLC, retained USIS to perform work thereat.

ANSWERING THE SECOND CAUSE OF ACTION

FIFTH:    Answering paragraph numbered "66" of the Verified Complaint, the defendant JRM CONSTRUCTION MANAGERS LLC repeats, reiterates and realleges each and every response contained in this Verified Answer.

SIXTH:    Denies each and every allegation contained in paragraphs numbered "67", "68", "69", "70", "73", "74", "75", "76" and "77" of the Verified Complaint.

SEVENTH:    Denies any knowledge or information sufficient to form a belief as to the allegations contained in paragraphs numbered "71" and "72" of the Verified Complaint.

## ANSWERING THE THIRD CAUSE OF ACTION

**EIGHTH:** Answering paragraph numbered "78" the Verified Complaint, the defendant JRM CONSTRUCTION MANAGERS, LLC repeats, reiterates and realleges each and every response contained in this Verified Answer.

**NINTH:** Denies each and every allegation contained in paragraphs numbered "79", "80", "83", "84", "85" and "86" of the Verified Complaint.

**TENTH:** Denies any knowledge or information sufficient to form a belief as to the allegations contained in paragraphs numbered "81" and "82" of the Verified Complaint.

## ANSWERING THE FOURTH CAUSE OF ACTION

**ELEVENTH:** Answering paragraph numbered "87" the Verified Complaint, the defendant JRM CONSTRUCTION MANAGERS, LLC repeats, reiterates and realleges each and every response contained in this Verified Answer.

**TWELFTH:** Denies each and every allegation contained in paragraphs numbered "88", "89", "92", "93", "94", "95" and "96" of the Verified Complaint.

**THIRTEENTH:** Denies any knowledge or information sufficient to form a belief as to the allegations contained in paragraphs numbered "90" and "91" of the Verified Complaint.

Case 1:18-cv-00100-AJN    Document 2-1    Filed 01/08/18    Page 19 of 36

AS AND FOR A FIRST SEPARATE AFFIRMATIVE
AND COMPLETE DEFENSE; THE DEFENDANT,
JRM CONSTRUCTION MANAGERS, LLC,
ALLEGES UPON INFORMATION AND BELIEF
AS FOLLOWS:

FOURTEENTH:     The personal injuries alleged to have been sustained by the plaintiff

were caused entirely or in part as a result of the culpable conduct attributable to plaintiff, and the

defendant, JRM CONSTRUCTION MANAGERS, LLC, seeks a dismissal or reduction of any

recovery had by plaintiff in the proportion which the culpable conduct attributable to the plaintiff

bears to the culpable conduct which caused the damages.

AS AND FOR A SECOND SEPARATE AFFIRMATIVE
AND COMPLETE DEFENSE; THE DEFENDANT,
JRM CONSTRUCTION MANAGERS, LLC,
ALLEGES UPON INFORMATION AND BELIEF
AS FOLLOWS:

FIFTEENTH:     That the defendant, JRM CONSTRUCTION MANAGERS, LLC,

asserts the terms, provisions, limitations and rights afforded under §4545 of the CPLR.

AS AND FOR A THIRD SEPARATE AFFIRMATIVE
AND COMPLETE DEFENSE; THE DEFENDANT,
JRM CONSTRUCTION MANAGERS, LLC,
ALLEGES UPON INFORMATION AND BELIEF
AS FOLLOWS:

SIXTEENTH:     Pursuant to CPLR §1603, the defendant, JRM CONSTRUCTION

MANAGERS, LLC, asserts the terms, provisions, limitations and rights afforded under

CPLR §§1601 and 1602.

AS AND FOR A FOURTH SEPARATE AFFIRMATIVE
AND COMPLETE DEFENSE; THE DEFENDANT,
JRM CONSTRUCTION MANAGERS, LLC,
ALLEGES UPON INFORMATION AND BELIEF
AS FOLLOWS:

SEVENTEENTH:    That plaintiff's own conduct was a sole proximate cause of his

accident and thus the defendant, JRM CONSTRUCTION MANAGERS, LLC, is not liable under

the provisions of the labor law.

WHEREFORE, the defendant, JRM CONSTRUCTION MANAGERS, LLC, demands

judgment dismissing the Verified Complaint of the plaintiff herein as to said defendant, together

with the costs, fees, expenses and disbursements of this action.

Dated:    New York, New York
          October 3, 2017

                          _____
                          ROGER P. McTIERNAN, ESQ.
                          BARRY McTIERNAN & MOORE LLC
                          Attorneys for Defendant
                          JRM CONSTRUCTION MANAGERS LLC s/h/a
                          JRM CONSTRUCTION MANAGEMENT, LLC
                          Office & P.O. Address
                          2 Rector Street - 14th Floor
                          New York, New York 10006
                          (212) 313-3600

Case 1:18-cv-00100-AJN    Document 3-1    Filed 01/08/18    Page 21 of 36

TO:

Thomas J. Moverman, Esq.
LIPSIG, SHAPEY, MANUS & MOVERMAN, PC
Attorneys for Plaintiff
Office and PO Address
40 Fulton Street
New York, NY 10038
212.285-3300

*Unknown Representatives and/or Business Addresses:*
ORDA MANAGEMENT CORPORATION
225 FOURTH LLC
FACEBOOK, INC.

Case 1:18-cv-00100-AJN   Document 2-1   Filed 01/08/18   Page 22 of 36

STATE OF NEW YORK          )
                           : SS.:
COUNTY OF NEW YORK  )

    ROGER P. McTIERNAN JR., being duly sworn, deposes and says:  That he is an

attorney at law, and a member of the firm of BARRY McTIERNAN & MOORE LLC, attorneys

for the defendant, JRM CONSTRUCTION MANAGERS LLC s/h/a JRM CONSTRUCTION

MANAGEMENT, LLC, having an office at 2 Rector Street, New York, New York.

    That he has read and knows the contents of the foregoing Verified Answer to

Verified Complaint, and that the same is true to his knowledge.  Deponent further says that the

sources of his information and the grounds of his belief as to all matters therein not stated upon

his knowledge are based on materials, investigation, reports and documents contained in the file

as maintained in deponent's office.

                       ROGER P. McTIERNAN, ESQ.

Sworn to before me this
3rd day of October, 2017

    NOTARY PUBLIC

TRICIA BARROW
NOTARY PUBLIC-STATE OF NEW YORK
No. 01BA6350684
Qualified In Queens County
My Commission Expires 11-14-2020

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

--------------------------------------------------------------- X          **Index No.: 157305/2017E**

TOSH HENDERSON,                                                 :

                Plaintiff,                    :

    -against-                                                  :          **VERIFIED ANSWER WITH**
                                                       **CROSS CLAIMS**

ORDA MANAGEMENT CORPORATION, 225           :
FOURTH, LLC, FACEBOOK, INC., and JRM
CONSTRUCTION MANAGEMENT, LLC               :

                Defendant.                    :

--------------------------------------------------------------- X

      Defendant, FACEBOOK, INC., by its attorneys, LEWIS BRISBOIS BISGAARD &

SMITH, LLP, as and for their Verified Answer to plaintiff's Verified Complaint, upon

information and belief, alleges:

### AS AND FOR AN ANSWER TO
### THE FIRST CAUSE OF ACTION

      1.      Defendant denies knowledge or information sufficient to form a belief as to the truth

of the allegations contained in paragraphs "1", "2", "3", "4", "5", "8", "9", "10", "11", "12", "13",

"14", "15", "16", "17", "18", "19", "20", "21", "22", "23", "24", "26", "27", "28", "29" "30", "31",

"32", "34", "35", "36", "37", "38", "39", "40", "41", "42", "43", "44", "46", "47", "48", "49", "51",

"52", "54", "57", "59" and "60" of the Verified Complaint.

      2.      Defendant denies each and every allegation contained in paragraphs "6", "25", "33",

"45" and "58" of the Verified Complaint.

      3.      Defendant admits the truth of the allegations contained in paragraph "7" of the

Verified Complaint.

4.      Defendant denies each and every allegation contained in paragraph "50" of the Verified Complaint as alleged against defendant, FACEBOOK, INC., and denies knowledge or information sufficient to form a belief as to the truth of the allegations alleged against co-defendants, ORDA MANAGEMENT CORPORATION, 225 FOURTH LLC and JRM CONSTRUCTION MANAGEMENT, LLC and respectfully refers all questions of law to the Court.

5.      Defendant denies each and every allegation contained in paragraphs "53", "55", "63", "64" and "65" of the Verified Complaint and respectfully refers all questions of law to this Honorable Court for its determination.

6.      Defendant denies each and every allegation contained in paragraph "56", "61" and "62" of the Verified Complaint as alleged against defendant, FACEBOOK, INC., and denies knowledge or information sufficient to form a belief as to the truth of the allegations alleged against co-defendants, ORDA MANAGEMENT CORPORATION, 225 FOURTH LLC and JRM CONSTRUCTION MANAGEMENT, LLC and respectfully refers all questions of law to the Court.

### AS AND FOR AN ANSWER TO
### THE SECOND CAUSE OF ACTION

7.      Defendant repeats, reiterates and realleges each and every response in paragraphs "1" through "65" of the Complaint in response to paragraph "66" of the Verified Complaint with the same force and effect as if fully set forth at length herein.

8.      Defendant denies each and every allegation contained in paragraphs "67" and "73" of the Verified Complaint as alleged against defendant FACEBOOK, INC., but denies knowledge or information sufficient to form a belief as to the truth of the allegations as alleged against co-defendants, ORDA MANAGEMENT CORPORATION, 225 FOURTH LLC and JRM CONSTRUCTION MANAGEMENT, LLC and respectfully refers all questions of law to the Court.

9.      Defendant denies each and every allegation contained in paragraphs "68", "69",

"70", "74", "75", "76" and "77" of the Verified Complaint and respectfully refers all questions of law to this Honorable Court for its determination.

      10.    Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraphs "71" and "72" of the Verified Complaint.

**AS AND FOR AN ANSWER TO**
**THE THIRD CAUSE OF ACTION**

      11.    Defendant repeats, reiterates and realleges each and every response in paragraphs "1" through "77" of the Complaint in response to paragraph "78" of the Verified Complaint with the same force and effect as if fully set forth at length herein.

      12.    Defendant denies each and every allegation contained in paragraphs "79", "80" and "83" of the Verified Complaint as alleged against defendant, FACEBOOK, INC., but denies knowledge or information sufficient to form a belief as to the truth of the allegations as alleged against co-defendants, ORDA MANAGEMENT CORPORATION, 225 FOURTH LLC and JRM CONSTRUCTION MANAGEMENT, LLC, and respectfully refers all questions of law to this Honorable Court for its determination.

      13.    Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraphs "81" and "82" of the Verified Complaint.

      14.    Defendant denies each and every allegation contained in paragraphs "84", "85" and "86" of the Verified Complaint and respectfully refers all questions of law to this Honorable Court for its determination.

**AS AND FOR AN ANSWER TO**
**THE FOURTH CAUSE OF ACTION**

      15.    Defendant repeats, reiterates and realleges each and every response in paragraphs "1"

through "86" of the Complaint in response to paragraph "87" of the Verified Complaint with the same force and effect as if fully set forth at length herein.

16.     Defendant denies each and every allegation contained in paragraphs "88" and "92" of the Verified Complaint as alleged against defendant, FACEBOOK, INC., but denies knowledge or information sufficient to form a belief as to the truth of the allegations as alleged against co-defendants, ORDA MANAGEMENT CORPORATION, 225 FOURTH LLC and JRM CONSTRUCTION MANAGEMENT, LLC, and respectfully refers all questions of law to the Court.

17.     Defendant denies each and every allegation contained in paragraph "89", "93", "94", "95" and "96" of the Verified Complaint and respectfully refers all questions of law to this Honorable Court for its determination.

18.   Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraphs "90" and "91" of the Verified Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

19.     Upon information and belief, whatever damages the plaintiff may have sustained at the time and place mentioned in the Verified Complaint were caused in whole or in part by the culpable conduct of said plaintiff. The amount of damages recovered, if any, shall therefore be diminished in the proportion to said culpable conduct attributable to plaintiff.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

20.     In the event plaintiff seeks to recover a verdict or judgment against defendants, then said verdict or judgment must exclude those amounts which have been, or will, indemnify plaintiff, for any past or future claimed medical costs, health care, life care, or other economic loss or benefit that is offered, or provided under or in connection with the Patient Protection and Affordable Care Act.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

21.    That the Verified Complaint herein fails to state a cause of action upon which relief may be granted.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

22.    No acts or omissions by defendants were an actual cause, legal cause, contributing cause, substantial factor or proximate cause with respect to the damages if any, sustained by the plaintiff.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

23.    In the event plaintiff recovers a verdict or judgment against answering defendants, then said verdict or judgment must be reduced pursuant to CPLR §4545(c) by those amounts which have been, or will, with reasonable certainty, replace or indemnify plaintiff, in whole or in part, for any past or future claimed economic loss, from any collateral source such as insurance, social security, workers' compensation or employee benefit programs. Defendants affirmatively pleads the provisions of Section 4545 of the CPLR in limitation and mitigation of the damages sustained by the plaintiff, if any.

## AS AND FOR AN SIXTH AFFIRMATIVE DEFENSE

24.    The injuries and damages allegedly suffered by the plaintiff, if any (which injuries and damages are specifically denied by the answering defendants), were the result of culpable conduct or fault of third persons for whose conduct the answering defendants are not legally responsible, and the damages recovered by the plaintiff, if any, should be diminished or reduced in the proportion to said culpable conduct of the third persons.  Any liability on the part of the answering defendants (which liability is denied) if found to be fifty percent or less of the total liability of all persons who are the cause of the alleged injuries, if any, then the liability of the

answering defendants for non-economic loss shall not exceed the answering defendants' equitable share determined in accordance with the relative culpability of each person causing or contributing to the total liability for non-economic loss pursuant to CPLR Sections 1601 through 1603.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

25.    Plaintiff has failed to mitigate, obviate, diminish or otherwise act to lessen or reduce the injuries, damages and disabilities alleged in the Verified Complaint.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

26.    Upon information and belief, that plaintiff is barred from recovering against the answering defendants under the Workers Compensation Law.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

27.    The plaintiff's Verified Complaint fails to name the necessary/indispensable parties to the subject action.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

28.    The plaintiff assumed the risk related activity causing the injuries allegedly sustained.

## AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

29.    Answering defendants rely upon the recalcitrant worker defense.

## AS AND FOR AN TWELFTH AFFIRMATIVE DEFENSE

30.    Plaintiff's acts or omissions were the sole proximate cause of the alleged accident.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

31.    New York's Labor Laws Sections 200, 240 and 241 do not apply to this action, and alternatively, if they do, plaintiff has failed to allege a violation by the answering defendants.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

32.    All or part of plaintiff's claims are barred by the doctrine of res judicata and/or collateral estoppel.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

33.    In the event plaintiff recovers a verdict or judgment against defendants, then said verdict or judgment must exclude or be reduced by those amounts which will, with reasonable certainty, replace or indemnify plaintiff, in whole or in part, for any past or future medical costs health care, life care or other economic loss or benefit that is offered or provided under or in connection with the Patient Protection and Affordable Care Act.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

34.    Upon information and belief, plaintiff failed to take reasonable measures to mitigate the damages allegedly suffered. Accordingly, in the event that plaintiff recovers a verdict or judgment against these answering defendants, then said verdict or judgment must be reduced to the extent that any of the damages claimed could have but were not reduced based upon plaintiffs failure to mitigate same.

## AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

35.    To the extent that plaintiff failed to obtain coverage available to him under the Affordable Care Act as an individual or as a family member, which he is eligible to obtain, then plaintiff has failed to mitigate his damages and cannot recover for such failure.

## AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

36.    To the extent that plaintiff failed to take reasonable steps to protect himself from

medical costs, health care or life care costs or to avail himself of the resources, service benefits and coverage available to him under the Affordable Care Act, then plaintiff failed to mitigate his damages and cannot recover for such failure.

### AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

37.    With regard to plaintiff's failure to mitigate his damages, the defense will offer proof of the cost of premiums and out-of-pocket limits that were made available to plaintiff under the Affordable Care Act, and will offer proof of the medical costs which plaintiff will not incur under the Affordable Care Act.

### AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

38.    That if the plaintiff shall have a judgment and/or verdict in his favor over and against the answering defendants, the answering defendant shall be entitled to all rights, remedies and off sets in accordance with GOL Article 15. That if the plaintiff shall a judgment and/or verdict entered in its favor over and against the answering defendants the judgment and/or verdict shall be precluded, modified, off set and/or reduced by any and all sums or consideration paid or promise to the plaintiff by any person, corporation or parties claimed to be liable for the injuries and/or damages alleged in the complaint to the extent of the greater of either the sum or consideration paid or promise to the plaintiff to the amount of the released tortfeasors' equitable share of the liability and the damages in accordance with Article 15 of the General Obligations Law Section 15-105 and Section 15-108.


### AS AND FOR A FIRST CROSS-CLAIM AGAINST
### CO-DEFENDANTS, ORDA MANAGEMENT CORPORATION, 225 FOURTH LLC and JRM CONSTRUCTION MANAGEMENT, LLC

39.    Upon information and belief, that if and in the event plaintiff sustained the injuries

and damages complained of, such injuries and, damages were caused in whole or in part, by reason of the culpable conduct and/or breach of contract of co-defendants, ORDA MANAGEMENT CORPORATION, 225 FOURTH LLC and JRM CONSTRUCTION MANAGEMENT, LLC.

40.    By reason of the foregoing, in the event that any judgment or verdict is recovered against answering defendant, answering defendant, FACEBOOK, INC., is entitled to contractual indemnification from said co-defendants, ORDA MANAGEMENT CORPORATION, 225 FOURTH LLC and JRM CONSTRUCTION MANAGEMENT, LLC, for all or any verdict or judgment which plaintiff may recover against this answering defendant.

## AS AND FOR A SECOND CROSS-CLAIM AGAINST CO-DEFENDANTS, ORDA MANAGEMENT CORPORATION, 225 FOURTH LLC and JRM CONSTRUCTION MANAGEMENT, LLC

41.    Upon information and belief, that if and in the event plaintiff sustained the injuries and damages complained of, such injuries and damages were caused in whole or in part by reason of the wrongful conduct of co-defendants, ORDA MANAGEMENT CORPORATION, 225 FOURTH LLC and JRM CONSTRUCTION MAANGEMENT, LLC, there being no active or primary wrong-doing on the part of the answering defendants contributing thereto.

42.    By reason of the foregoing, this answering defendants is entitled to full common law indemnity and/or contribution from, and to judgment over and against co-defendants, ORDA MANAGEMENT CORPORATION, 225 FOURTH LLC and JRM CONSTRUCTION MANAGEMENT, LLC, for all or part of any verdict or judgment which plaintiff may recover against this answering defendant.

## AS AND FOR A THIRD CROSS-CLAIM AGAINST CO-DEFENDANTS, ORDA MANAGEMENT CORPORATION, 225 FOURTH LLC and JRM CONSTRUCTION MANAGEMENT, LLC

43.    Upon information and belief, that if and in the event plaintiff sustained the injuries

and damages complained of, such injuries and damages were caused in whole or in part, by reason of the culpable conduct and breach of contract of co-defendants, ORDA MANAGEMENT CORPORATION, 225 FOURTH LLC and JRM CONSTRUCTION MANAGEMENT, LLC, including but not limited to, failure to obtain required insurance coverage.

44.    By reason of the foregoing, in the event that any judgment or verdict is recovered against answering defendants, answering defendant, FACEBOOK,INC., is entitled to insurance procurement from and to judgment over and against said co-defendants, ORDA MANAGEMENT CORPORATION, 225 FOURTH LLC and JRM CONSTRUCTION MANAGEMENT LLC.

**WHEREFORE**, defendant, FACEBOOK, INC., demands judgment dismissing the plaintiff's verified complaint herein, together with the costs and disbursements of the within action, or in the alternative, in the event that plaintiff recover any verdict and/or judgment against answering defendants, the answering defendants demand judgment over and against co-defendants ORDA MANAGEMENT CORPORATION, 225 FOURTH LLC and JRM CONSTRUCTION MANAGEMENT, LLC, in whole or in part, in accordance with the cross-claims asserted herein, together with the costs, disbursements and counsel fees incurred in the defense of this action.

Dated: New York, New York
       November 21, 2017

Yours, etc.,

LEWIS BRISBOIS BISGAARD & SMITH LLP

By: _____

Gregory S. Katz
Attorneys for Defendant
FACEBOOK, INC.
77 Water Street, 21st Floor
New York, New York 10005
(212) 232-1300
Our file: 32386.1574

TO:

Thomas J. Moverman, Esq.
LIPSIG, SHAPEY, MANUS & MOVERMAN, P.C.
Attorneys for Plaintiff
Office and P.O. Address
40 Fulton Street
New York, New York 10038
(212) 285-3300

BARRY McTIERNAN & MOORE, ESQS.
Attorneys for Defendant
JRM CONSTRUCTION MANAGEMENT, LLC
2 Rector Street, 15th Floor
New York, NY 10038
(212) 313-3600

**No Appearance to Date:**
Orda Management, Corporation
225 Park Avenue South
New York, NY 10033

225 Fourth LLC
c/o Orda Management Corporation
225 Park Avenue South
New York, NY 10033

## ATTORNEY'S VERIFICATION

STATE OF NEW YORK    )
                       ) ss.:
COUNTY OF NEW YORK  )

      GREGORY S. KATZ, being an attorney duly admitted to practice before the Courts of the

State of New York and fully aware of the penalties of perjury, hereby affirms as follows:

      Affirmant is a member of the law firm of LEWIS BRISBOIS BISGAARD & SMITH

LLP, attorneys for defendant, FACEBOOK, INC., in the within action and is fully familiar with

the facts and circumstances involved in this matter from reviewing the file regarding the same

maintained in the offices of the said law firm.

      Affirmant has read the foregoing Answer, know the contents thereof, and the same are true to

affirmant's own knowledge, except as to those matters therein stated to be alleged upon information

and belief, and as to those matters affirmant believes them to be true.

      This verification is made by the undersigned because said defendant does not reside or have a

place of business within the county where said affirmant's offices are located.

      The grounds of affirmant's belief as to all matters not stated to be affirmant's knowledge are

investigative and other information contained in the file of the said law firm.

Dated: New York, New York
       November 21, 2017

 

 

                                           _____

                                            GREGORY S. KATZ

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK        )
                                           )   ss.:
COUNTY OF NEW YORK   )

      **CRYSTAL L. BREWER**, being duly sworn, deposes and says: that deponent is not a party to this action, is over 18 years of age and resides in Kings County in the State of New York.

      That on the 29th day of November, 2017, deponent served the within document(s) entitled **Verified Answer & Cross-Claims** upon:

Thomas J. Moverman, Esq.
LIPSIG, SHAPEY, MANUS & MOVERMAN, P.C.
Attorneys for Plaintiff
Office and P.O. Address
40 Fulton Street
New York, New York 10038
(212) 285-3300

BARRY McTIERNAN & MOORE, ESQS.
Attorneys for Defendant
JRM CONSTRUCTION MANAGEMENT, LLC
2 Rector Street, 15th Floor
New York, NY 10038
(212) 313-3600

**No Appearance to Date:**
Orda Management, Corporation
225 Park Avenue South
New York, NY 10033

225 Fourth LLC
c/o Orda Management Corporation
225 Park Avenue South
New York, NY 10033

the attorney(s) for the respective parties in this action, at the above address(es) designated by said attorney(s) for that purpose by depositing same enclosed in a postpaid properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Post Office within the State of New York.

_____
**CRYSTAL L. BREWER**

Sworn to before me this
29th day of November, 2017,

_____
Notary Public

MARY C. WILLIAMS
Notary Public, State of New York
No. 01WI5004777
Qualified in Westchester County
Commission Expires Nov. 23, 20 18

4842-0412-0917.1

13

 

# NYSCEF - New York County Supreme Court
# Confirmation Notice

This is an automated response for Supreme Court cases. The NYSCEF site has received your electronically filed documents for the following case.

### 157305/2017

### TOSH HENDERSON - v. - ORDA MANAGEMENT CORPORATION et al

### Assigned Judge: Richard Braun

## Documents Received on 11/29/2017 04:12 PM

| Doc # | Document Type | Motion # |
|-------|---------------|----------|
| 21 | ANSWER | |
| | Does not contain an SSN or CPI as defined in 202.5(e) or 206.5(e) | |

## Filing User

Name:  **MATTHEW PETER CUETER**
Phone #:  **646-783-0975**       E-mail Address:   **matthew.cueter@lewisbrisbois.com**
Fax #:                Work Address:   **77 Water Street**
                       **Suite 2100**
                       **NEW YORK, NY 10005**

## E-mail Notifications

An e-mail notification regarding this filing has been sent to the following address(es) on 11/29/2017 04:12 PM:

**CUETER, MATTHEW PETER - matthew.cueter@lewisbrisbois.com**
**HURLEY, ERIN K - ehurley@lipsig.com**
**MCTIERNAN JR., ROGER PAUL - pmctiernan@bmmfirm.com**
**Moverman Esq., Thomas J - tmoverman@lipsig.com**

**NOTE: If submitting a working copy of this filing to the court, you must include as a notification page firmly affixed thereto a copy of this Confirmation Notice.**

---

Hon. Milton A. Tingling, New York County Clerk and Clerk of the Supreme Court
Phone: 646-386-5956     Website: http://www.nycourts.gov/courts/1jd/supctmanh/county_clerk_operations.shtml

**NYSCEF Resource Center - EFile@nycourts.gov**
**Phone: (646) 386-3033    Fax: (212) 401-9146    Website: www.nycourts.gov/efile**